

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

C. MANN
:Y GENERAL

Honorable H.N. Darst
County Auditor
Fort Bend County
Richmond, Texas

Dear Sir:
            Opinion No. O-2996
            Re: Can $200.00 excess earnings of a
            justice of the peace from one
            quarter be applied to either of
            the quarters wherein his earnings
            failed to exceed the $900.00 limit?

        Your recent request for an opinion of this department on the above stated question has been received.

        We quote from your letter as follows:

        "Under Article 3883 the Commissioners' Court of Fort Bend County fixed the limit of fees to be retained by the Justice of the Peace of Precinct No. 1 at $3600.00 per year. For three quarters of this year his earnings for each quarter will fail to amount to the $900.00 maximum limit as fixed by said Article. The remaining quarter his fees will amount to approximately $200.00 in excess of the $900.00 limit.

        "Please advise if the $200.00 excess earnings in the one quarter can legally be applied to either of the quarters wherein his earnings failed to exceed the $900.00 limit. His total earnings for the entire year will be several hundred dollars less than $3600.00."

        Section 2 of Article 3883, Vernon's Annotated Civil Statutes, reads as follows:

        "2. In counties containing as many as twenty-five thousand and one (25,001) and not more than thirty-seven thousand, five hundred (37,500) inhabitants, and in which there is no city containing

Honorable H.N. Darst, Page 2

twenty-five thousand (25,000) inhabitants; County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-seven Hundred and Fifty Dollars ($2750) each; Justice of the Peace and Constable, Fifteen Hundred Dollars ($1500) each; provided, however, that in all counties with a taxable valuation for county purposes of not less than Fifty-one Million, One Hundred Thousand Dollars ($51,100,000) nor more than Fifty-one Million, Four Hundred Thousand Dollars ($51,400,000), and in all counties with a taxable valuation for county purposes of not less than Twenty-seven Million, Nine Hundred and Fifty Thousand Dollars ($27,950,000) nor more than Twenty-seven Million, Nine Hundred and Sixty Thousand Dollars ($27,960,000), according to the tax rolls as prepared by the Tax Assessor-Collector of the respective counties for the current year 1938, the county Commissioners Courts in such counties shall have the power to set and establish annually the maximum amount of the fees collected by the Justices of the Peace and Constables which shall be retained by such officers as compensation for their services; provided, however, that the maximum amount so set and established by the county Commissioners Courts as the amount to be retained by such officers shall in no event exceed Three Thousand, Six hundred dollars ($3,600) per annum, and provided further, that the compensation for such officers as provided for herein shall be due and payable the first of each month, and the pro rata compensation or fees to be retained for any quarter of the fiscal year shall in no event exceed Nine Hundred Dollars ($900) and such Nine Hundred Dollars ($900) shall be paid only out of fees collected by such officers during the quarter to which such Nine Hundred Dollars ($900) limit applies, and in the event the county Commissioners Courts of such counties shall set and establish the maximum amount of fees to be retained by such officers at an amount less than Three Thousand, Six Hundred Dollars ($3,600) then the same provisions, conditions, and limitations as set out above shall

Honorable H.N. Darst, Page 3

be applicable and shall be applied to any and all such lesser payments as may be provided by the county Commissioners Courts of such counties."

According to the 1930 Federal Census, Fort Bend County had a population of Twenty-nine Thousand, Seven Hundred and Eighteen (29,718) inhabitants, and the 1940 Federal Census shows the population of said county to be Thirty-two Thousand, Nine Hundred and Thirty-five (32,935) inhabitants. We are informed that the taxable valuation for county purposes of said county for the year 1938 was approximately $27,951,200.00, being more than $27,950.00 and less than $27,960.00 as mentioned in the above quoted statute.

With reference to population and the taxable valuation for county purposes, Fort Bend County comes within Section 2 of Article 3883, supra. This statute provides in effect that the county commissioners' courts in such counties shall have the power to set and establish annually the maximum amount of fees collected by the justices of the peace and constables which shall be retained by such officers as compensation for their services; provided, however, that the maximum amount so set and established by the county commissioners' courts as the amount to be retained by such officers shall in no event exceed $3,600.00 per annum, and provided further that the compensation of such officers as provided in said statute shall be due and payable the first of each month and the pro rata compensation or fees to be retained for any quarter of the fiscal year shall in no event exceed $900.00 and such $900.00 shall be paid only out of fees collected for such officers during the quarter to which such $900.00 limit applies. As above stated, the statute specifically provides that such $900.00 shall be paid only out of fees collected by such officers during the quarter to which such $900.00 limit applies, therefore prohibiting the retaining of fees or compensation earned in one quarter over and above the said $900.00 for any quarter other than the quarter in which said fees were collected. Therefore, your question is respectfully answered in the negative.

It is to be understood that this department is not

Honorable H.N. Darst, Page 4

passing upon the constitutionality of the above mentioned statute in this opinion.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVEDJAN 10, 1941

ATTORNEY GENERAL OF TEXAS

